**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ARNOLD KOSTOMAJ,

                Plaintiff,

vs.                                   Case No.  3:09-cv-546-J-JRK

MICHAEL J. ASTRUE,
Commissioner of the Social Security
Administration,

                Defendant.

_____/

## OPINION AND ORDER[1]

### I.  Status

      Arnold Kostomaj ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits.  His alleged inability to work is based on injuries to his lower back, hip, and neck as a result of a fall at work on about May 31, 2005.  Transcript of Administrative Proceedings (Doc. No. 23; "Tr.") at 78, 83, 102.[2]  On April 11, 2007, Plaintiff filed an application for disability insurance benefits, alleging an onset date of May 31, 2005.  Tr. at 62-66.

      On December 17, 2008, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified.  Tr. at 31-54.  On February 3, 2009, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision.  Tr. at 10-17.

---

[1]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  <u>See</u> Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. No. 30); Order of Reference entered on January 3, 2011 (Doc. No. 31).

[2]      The exact date of the fall is unclear, as there are documents in the administrative transcript also suggesting it was on May 30, 2005, Tr. at 151, and on June 30, 2005, Tr. at 126.

On April 17, 2009, the Appeals Council denied Plaintiff's request for review.  Tr. at 1-3.  On June 16, 2009, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues: (1) whether the ALJ "erred by not properly assessing the Plaintiff's residual functional capacity [("RFC")]" and (2) whether the ALJ "erred by not allowing the development of the record[.]" Memorandum in Support of Complaint (Doc. No. 29; "Pl.'s Mem."), filed December 28, 2010, at 5-9 (capitalization and emphasis omitted).[3] After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy.

---

[3]    Plaintiff also sought for this Court to admit and consider additional medical evidence in deciding the instant appeal.  See "Motion to Allow Additional Records and Dr's Letters to be Admitted into Evidence" (Doc. No. 20), filed July 15, 2010.  On September 16, 2011, by separate Order, this Court denied the request to admit and consider additional medical evidence.  See Order (Doc. No. 36).

[4]    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry.  Tr. at 12-17.  At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since May 31, 2005, the alleged onset date[.]"  Tr. at 12 (emphasis omitted).  At step two, the ALJ found Plaintiff suffers from the following severe impairments: "degenerative disc disease of the cervical and lumbar spine, cervical and lumbar radiculopathy and degenerative joint disease of the left shoulder[.]"  Tr. at 13 (emphasis omitted).  The ALJ recognized Plaintiff "has also been diagnosed with migraines," but the ALJ did not find the migraines to be severe.  Tr. at 13.  At step three, the ALJ ascertained Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. at 13.

The ALJ determined Plaintiff has the RFC "to perform light work as defined in 20 CFR [§] 404.1567(b) except with a sit/stand option at will, a right lower extremity push/pull limitation, occasional climbing, balancing and stooping, never on ladders, kneeling, crouching or crawling, a bilateral overhead reach limitation avoid vibration and hazards."  Tr. at 13 (emphasis omitted).  At step four, the ALJ found Plaintiff is unable to perform his past relevant work as a corrections officer and a floor installer.  Tr. at 16.  After considering Plaintiff's age, education, work experience, and RFC, the ALJ determined at step five that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," including "counter attendant," "office helper," "file clerk," and "gate guard[.]"  Tr. at

16, 17.  The ALJ concluded Plaintiff was not under a disability from May 31, 2005 through the date of the Decision.  Tr. at 17.

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff argues the ALJ "erred by not properly assessing the Plaintiff's residual functional capacity [("RFC")]," and "by not allowing the development of the record[.]"  Pl.'s Mem. at 5-9 (capitalization and emphasis omitted).  As to the first argument, Plaintiff is primarily concerned with the ALJ's handling of the opinion of Slobodan J. Miric, M.D., one of Plaintiff's treating physicians, and with the ALJ's alleged failure to consider various allegations of pain made to other physicians. Id. at 5-7.  As to the second argument, Plaintiff contends that because certain medical evidence did not make its way into the administrative transcript, the ALJ failed to develop a full and fair record.  Id. at 7-9.  Each argument is discussed in turn.

### A.  Alleged Errors in Formulation of RFC

#### 1.  Dr. Miric's Opinion

Plaintiff first takes issue with the ALJ's discounting of the opinion of Dr. Miric, a neurologist who treated Plaintiff in 2007 mainly for complaints of back pain.  On February 22, 2007, after initially examining Plaintiff, Dr. Miric wrote a letter to Carla Wiles, M.D., the physician who referred Plaintiff to Dr. Miric.  Tr. at 161-64 (duplicate at Tr. at 217-20).  In the letter, Dr. Miric indicated his impression was that Plaintiff suffered from, inter alia, C4-5 radiculopathy, L5 radiculopathy, right L5 radiculopathy, and right sacroiliac joint arthritis.  Tr. at 163.  Dr. Miric noted "Disability" in the last line of his list of impressions of Plaintiff, but he did not elaborate upon this notation.  Tr. at 163.  Dr. Miric referred Plaintiff for an MRI of the lumbar spine; he referred Plaintiff to "Dr. Artamonov for possible interventional pain

management"; and he referred Plaintiff to Dr. Cifelli, a neurosurgeon, for a second opinion. Tr. at 164.

On March 15, 2007, Plaintiff returned to Dr. Miric for a follow up visit. Tr. at 212-13. Plaintiff had undergone an MRI of the lumbar spine, and according to Dr. Miric, the MRI "showed even improvement of configuration at L5-S1 when compared to the prior study of September 12, 2005." Tr. at 212. Despite the improvement, Plaintiff reported "continuing to experience persistent pain[.]" Tr. at 212. Dr. Miric diagnosed Plaintiff, inter alia, with C4-C5 radiculopathy, L4-L5 and L5-S1 radiculopathy with a herniated disc at L5-S1, and right sacroiliac joint arthritis. Tr. at 213. Dr. Miric again noted "Disability" at the end of his list of diagnoses, without any elaboration. Tr. at 213. Plaintiff was to follow up with Dr. Miric in six weeks. Tr. at 213.

After Plaintiff underwent an MRI and "S1 epidural block and bilateral facet joint injections at level L5-S1 and also right sacroiliac joint block with right iliolumbar ligament injection," on May 3, 2007, he returned to Dr. Miric. Tr. at 207-08. Plaintiff reported "not feel[ing] much improvement after this treatment[.]" Tr. at 207. Plaintiff stated he was "still continuing to experience severe pain." Tr. at 207. According to Dr. Miric, the "EMG results of the lower extremities [were] consistent with the right L5 radiculopathy while the MRI of the cervical spine showed broad-based ridging and spondylotic disc bulge with bilateral narrowing of neural foramina at the level C5-6 without impingement of the spinal cord." Tr. at 207. The plan at the time was for Plaintiff to continue with pain management treatment by Dr. Artamonov, for Plaintiff to "complete CT of the head," and for Plaintiff to return to Dr.

Miric in October 2007.  Tr. at 208.  There are no other treatment notes from Dr. Miric in the administrative transcript.

The Regulations instruct ALJs how to weigh the medical opinions[5] of treating physicians[6] properly.  See 20 C.F.R. § 404.1527(d).  Because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 404.1527(d)(2).  When a treating physician's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering factors such as the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician.  20 C.F.R. § 404.1527(d).

If an ALJ concludes the medical opinion of a treating physician should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence

---

[5]       Medical opinions are statements from physicians that reflect judgments about the nature and severity of the claimant's impairment, including symptoms, diagnosis, prognosis, and what the claimant can still do despite the impairment.  20 C.F.R. § 404.1527(a)(2).

[6]       A treating physician is a physician who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition.  See 20 C.F.R. § 404.1502.

supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's own medical records.  Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence).  The ALJ must "state with particularity the weight he [or she] gave the different medical opinions and the reasons therefor."  Sharfarz v. Bowen, 825 F.2d 278, 279-80 (11th Cir. 1987); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005) (finding no reversible error when "the ALJ articulated specific reasons for failing to give [a treating physician] controlling weight," and those reasons were supported by substantial evidence); Lewis, 125 F.3d at 1440.

Here, the ALJ gave "little weight" to the opinion of Dr. Miric.  Tr. at 15, 16.  As to Dr. Miric's notation of "Disability," the ALJ concluded that to the extent it could be considered an opinion, "it is not well supported in the evidence of record."  Tr. at 15.  According to the ALJ: "There is no explanation of this term.  There is no support provided for this conclusion.  The undersigned notes that the determination of disability is reserved to the commissioner."  Tr. at 15-16.  The ALJ then summarized in detail the objective evidence of record and explained its failure to support Dr. Miric's notation regarding disability:

> [T]he imaging of [Plaintiff]'s back is pretty benign with improvement evidenced in the later MRI of the lumbar spine.  Neither the imaging of the cervical or lumbar spine evidences any stenosis, nerve root or canal compression or compromise.  The cervical spine fails to disclose any herniation and the lumbar spine imaging described the small herniation at L5/S1 as "barely perceptible[.]"[] Examination findings show normal strength, sensory and reflex findings.  There [are] only slight reductions in motor noted in the left hand and right leg.  Gait has been described as normal and antalgic, but the findings do show [Plaintiff] is able to ambulate, heel toe and tandem walk without need or requirement of any assistive device for ambulation, balance or weight bearing.  The objective

evidence of record simply does not support the statement of Dr. Miric in the impression section of his examination note.

Tr. at 16.

The ALJ articulated adequate reasons supported by substantial evidence showing good cause for discounting Dr. Miric's notation of "Disability." First, the ALJ correctly pointed out that the notation was not explained and was conclusory. See Lewis, 125 F.3d at 1440 (stating good cause to discount a treating physician's opinion can exist when the opinion is conclusory). Second, the ALJ correctly noted that the determination of whether an individual is disabled is reserved to the Commissioner. See 20 C.F.R. § 404.1527(e) (stating "[o]pinions that you are disabled" are not medical opinions and those opinions are "reserved to the Commissioner because they are administrative findings that are dispositive of a case"); Bell v. Bowen, 796 F.2d 1350, 1353-54 (11th Cir. 1986) (recognizing the foregoing Regulation and finding a treating physician's "conclusory statement that [the plaintiff] is 'totally disabled' is not explained by his medical findings"). Third, the ALJ provided adequate reasons, supported by substantial evidence, for his finding that the conclusory notation was inconsistent with the medical evidence in the record. For the foregoing reasons, the undersigned finds that the ALJ articulated adequate reasons showing good cause and supported by substantial evidence for discounting Dr. Miric's notation of "Disability[.]"

### 2. Allegations of Pain Made to Other Physicians

Plaintiff next contends the ALJ failed to take into consideration Plaintiff's allegations of pain made to other physicians. Pl.'s Mem. at 6-7. Plaintiff focuses on documented pain complaints made to Dr. Artamonov, a pain management specialist, on February 27, 2007;

to Dr. Spitzer, a neurosurgeon, on August 10, 2006; and to Dr. Piserchia, an orthopaedic surgeon, from July 1, 2005 through August 29, 2006. Id.

To the extent Plaintiff contends the ALJ failed to take these allegations into account, the undersigned is not so convinced. While the ALJ did not specifically discuss in her Decision each and every documented subjective allegation of pain, the ALJ did discuss in detail the medical evidence pertaining to each of the physicians about which Plaintiff complains. See Tr. at 14-16. Therefore, it is evident the ALJ took into account the medical records from the physicians and by extension the documented allegations of pain.

Plaintiff relies upon his subjective complaints of pain made to the various physicians and states "it is apparent that the plaintiff is suffering from pain although the etiology may be uncertain." Pl.'s Mem. at 7. Plaintiff's statement can be construed as challenging the ALJ's discrediting of Plaintiff's subjective complaints of pain.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223. Although "credibility determinations are the province of the ALJ," Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005), "explicit and adequate reasons" must be articulated if the ALJ discredits the

claimant's testimony.  Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury

v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (stating that "after considering a claimant's

complaints of pain [or other subjective symptoms], the ALJ may reject them as not creditable,

and that determination will be reviewed for substantial evidence").

"When evaluating a claimant's subjective symptoms, the ALJ must consider such

things as:  (1) the claimant's daily activities; (2) the nature, location, onset, duration,

frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and

aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures

taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th

Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)); see also 20 C.F.R. §

416.929(c)(3)(i)-(vi) (providing the same).  However, a plaintiff's ability to participate in daily

activities for a short duration does not preclude a finding of disability.  See Lewis, 125 F.3d

at 1441 (finding that participation in everyday activities "such as housework and fishing" is

insufficient to disqualify "a claimant from disability").

Here, the ALJ recounted in detail Plaintiff's testimony regarding his pain and daily

activities:

> [Plaintiff] alleged that his symptoms are aggravated by walking, sitting and
> standing. He has side effects of nausea and upset stomach and his medication
> is not effective. [Plaintiff] can perform self care and grooming, however, his
> fiancee and daughter perform all household chores.  He used to hunt and fish.
> He used to enjoy boating, quad/motorcycle riding and skiing.  He occasionally
> shops with his fiancee, he reads sports and wood working magazines.  He
> watches television and likes to watch Discovery, History, and Nat Geo
> channels. The heaviest thing he has lifted lately was a bottle of water.  The last
> thing he picked up off the floor was a piece of paper.  He smokes half a pack
> of cigarettes per day.  He gets 6 to 7 hours of sleep per night, however this is
> interrupted by pain in his back and spasm in his leg.  He can stand 2 minutes,
> he can sit for 5 to 10 minutes and can walk up to 5 yards.  He can extend his

> left leg but there is to[o] much pain in his right leg.  He can extend his arms and bring them back.  Reaching overhead is difficult because it causes pressures in his back.  The undersigned notes that [Plaintiff] now resides in Florida and was capable of traveling from Florida to Scranton[,] Pennsylvania for the hearing.  The undersigned finds this particularly inconsistent with [Plaintiff]'s reported subjective limitations to his standing.  Such travel does require extended sitting.

Tr. at 14.  The ALJ went on to find that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC].  The medical evidence of record simply does not support [Plaintiff]'s alleged level of incapacity."  Tr. at 14.

The ALJ gave explicit and adequate reasons for discrediting Plaintiff's subjective complaints of pain, see Tr. at 14-16; Wilson, 284 F.3d at 1225, and the reasons are supported by substantial evidence.  Therefore, the undersigned finds no error in the ALJ's findings regarding Plaintiff's subjective complaints of pain.

### B.  Failure to Develop Record

Plaintiff next contends the ALJ failed to fully develop the record because it does not contain medical evidence post-dating May 2007.  Pl.'s Mem. at 7-8.  "It is well-established that the ALJ has a basic duty to develop a full and fair record."  Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)).  "[T]here must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [ALJ] for further development of the record."  Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997) (internal citation omitted).  "The court should be guided by whether the record reveals evidentiary gaps which result in unfairness

-12-

or 'clear prejudice.'" Id. (quoting Brown, 44 F.3d at 935).  Notwithstanding the ALJ's duty, "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Ellison, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(a), (c)).

Plaintiff is correct that the administrative transcript only contains medical evidence from treating physicians until May 2007.  Tr. at 206.  As summarized in this Court's Order denying Plaintiff's motion to submit additional evidence (Doc. No. 36), Plaintiff was represented by counsel through the administrative process, and his counsel requested and was granted ten (10) days following the hearing before the ALJ to submit any additional medical evidence.  Tr. at 35-38.  Specifically, counsel indicated there were "a few updated records for 2008" that had not yet been submitted to the ALJ.  Tr. at 35.  For unknown reasons, the records never made their way into the administrative transcript.  See Tr. at 10 (ALJ's February 3, 2009 Decision stating "[t]o date no additional records have been received"), Tr. at 4 (Plaintiff's Request for Review of Hearing Decision/Order stating "my atty did not comply with org. request and send in all my paperwork").

The undersigned is not convinced that Plaintiff's counsel's failure to submit additional medical evidence can amount to the ALJ abrogating her duty to develop a full and fair record.  Furthermore, as explained in the Order denying Plaintiff's motion to submit additional evidence (Doc. No. 36), Plaintiff has not shown such evidence is relevant, probative, or noncumulative.  Therefore, the required showing of prejudice to obtain a remand cannot be met.  See Graham, 129 F.3d at 1423 (internal citation omitted).

## V.  Conclusion

A thorough review of the entire record reveals that the Commissioner's final decision is supported by substantial evidence.  For the reasons explained herein, it is

**ORDERED:**

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2.     The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on September 16, 2011.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

-14-